No. 80-431

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

IN RE THE MARRIAGE OF
SONYALEA S. GILBERT,

Petitioner and Respondent,

vs.

GEORGE RICHARD GILBERT,

Respondent and Appellant.

---

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone
Honorable Diane G. Barz, Judge presiding.

Counsel of Record:

For Appellant:

Berger, Sinclair and Nelson, Billings, Montana
Arnold Berger argued, Billings, Montana

For Respondent:

Jones Law Firm, Billings, Montana
Blair Jones argued, Billings, Montana

---

Submitted: March 27, 1981

Decided: May 13, 1981

Filed: MAY 13 1981

Thomas J. Kearney
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Richard Gilbert, a party to a marital dissolution, appeals from the order of the Thirteenth Judicial District Court, Yellowstone County, equally distributing the Gilbert's marital estate. We affirm.

Richard raises these issues:

1. Did the District Court err in awarding one-half of the marital assets to each party without regard to the present aftertax value thereof?

2. Does the lump sum payment schedule exceed Richard's ability to pay?

3. Did the Court err in characterizing monthly payments to Sonyalea, pending appeal, as maintenance rather than as a credit toward the property division?

4. Did the Court err in failing to distribute to Richard his insurance policy?

5. Did the Court err in determining the values of certain personal property?

Richard and Sonyalea Gilbert were married in 1953, when neither party had significant assets. During the early years of the marriage, Sonyalea worked while Richard earned his college degree. Since his graduation Richard has worked as an executive for Continental Oil Company (Conoco). Sonyalea has contributed to the marriage financially, and as a homemaker and mother to the couple's three children, now adults.

Sonyalea filed for dissolution of the marriage on January 25, 1979. The District Court granted dissolution on July 17, 1979, and entered findings of fact, conclusions of law and order distributing the marital estate on October 3, 1980. Richard's salaries on the above dates were in excess

of $46,000, $54,000 and $62,000, respectively.

The major assets of the marital estate were Richard's retirement programs with Conoco, consisting mainly of Conoco stock, with trial date market value of $162,857.90. Of this amount, approximately $20,000 is Richard's contribution, the balance being company contributions and earnings. Only the employee contribution is nontaxable, the balance being taxable at ordinary rates when distributed. Richard, now 47 years old, can gain access to the bulk of funds only by quitting his employment outright or by retiring, presumably 18 years hence.

The Court found, using market value of the retirement fund assets, a net marital estate of $214,900.73. Richard introduced evidence showing a net estate, after accounting for tax consequences, relating to an immediate liquidation of the retirement plans, of $114,467.63. Richard appeals on the ground that the award of half of the former amount, $107,450, to Sonyalea leaves him with a settlement portion of only $7,017 based on his calculated valuation after taxes.

Our scope of review over the District Court's property distribution scheme was recently restated as follows:

> "A District Court has far-reaching discretion in resolving property divisions, and its judgment will not be altered unless a clear abuse of discretion is shown. (Citations omitted.) The test for reviewing the District Court's discretion is: Did the District Court in the exercise of its discretion act arbitrarily without employment of conscientious judgment, or exceed the bounds of reason in view of all circumstances?" (Citations omitted.) In Re Marriage of Aanenson (1979), ___ Mont. ___, 598 P.2d 1120, 1123, 36 St.Rep. 1525, 1528.

We have ordered the District Court to reconsider its property division if the court was clearly unadvised of the current value of the parties' assets or if it ordered a substantially inequitable division of assets. In Re Marriage

-3-

of Brown (1978), ___ Mont. ___, 587 P.2d 361, 35 St.Rep. 1733; Kruse v. Kruse (1978), ___ Mont. ___, 586 P.2d 294, 35 St.Rep. 1502.

Richard Gilbert argues the District Court, in finding the market value of the retirement plans, ignored the actual current value of the marital estate, and as a result inequitably distributed the assets. He submits the District Court's failure to consider the income tax consequences attendant to a present sale of the retirement fund assets constitutes an abuse of discretion. We find, however, that the property distribution ordered by the District Court includes no presently taxable events and triggers no tax liability. The District Court therefore did not abuse its discretion by refusing to consider the theoretical income tax consequences of a present liquidation which is neither necessary nor probable, but merely conjectural. Weinberg v. Weinberg (1967), 67 Cal.2d 557, 432 P.2d 709, 63 Cal.Rptr 13.

Undoubtedly the most effective means of eliminating adverse tax consequences is through settlements amicably negotiated between the parties. In many instances, property distributions may be structured to include tax avoidance provisions whereby the parties mutually benefit from the tax savings realized as a result thereof. We tacitly approved such a property settlement format in Washington v. Washington (1973), 162 Mont. 349, 512 P.2d 1300. Cooperation and planning can serve to ease the financial onus arising from tax consequences in these circumstances.

The court ordered a lump sum payment of $74,408.86 to Sonyalea in satisfaction of her interest in the marital estate, payable $25,000 immediately down, plus monthly installments of $1,500, with 10 percent interest on the

-4-

unpaid balances. Richard argues the District Court erred in imposing this payment schedule, which places upon him monthly obligations in excess of income available to fulfill those obligations. In Re Marriage of Jorgenson (1979), ___ Mont. ___, 590 P.2d 606, 612, 36 St.Rep. 233, 240.

Richard presented evidence establishing his monthly gross income at $5,166, his net take home pay at $2,736, and his monthly expenses at $1,309--leaving $1,427 available for monthly installments. He submits the awarded monthly installment alone exceeds his ability to pay, with debt service on the downpayment further aggravating the burden. Nevertheless, Richard's monthly deductions include large tax withholdings, a substantial amount of which are refunded each year, and a $310 monthly contribution to his thrift plan. Given the availability of these funds, Richard does have the monthly wherewithal to meet the payment schedule. The District Court did not abuse its discretion in this regard.

The District Court granted Richard's application for stay of execution of judgment, conditioned on a $1,300 monthly maintenance payment to Sonyalea. Richard insists that because Sonyalea is fully capable of working, maintenance is not proper here; and that justice and equity demand the payments be credited against the property settlement. However, a District Court may grant a stay under such conditions as it deems proper. Rule 7, M.R.App.Civ.P. Sonyalea is responsible for all personal expenses, including monthly condominium payments, yet access to the immediately available liquid assets provided for by the property distribution has been delayed due to this appeal. The Court acted within its discretion in ensuring her livelihood during the interim.

The District Court included a $2,025 life insurance policy in its calculation of the net marital estate, yet did not order the policy allocated to either party. Sonyalea's award includes one-half of the value of this policy. We presume the policy correspondingly was not awarded to Richard due purely to oversight. The matter can be corrected by allowing the District Court to order the policy distributed to Richard. In Re Marriage of Caprice (1978), ____ Mont. ____, 585 P.2d 641, 35 St.Rep. 1460.

Finally, the parties encountered considerable difficulties in evaluating personal property. Richard eventually submitted detailed statements itemizing the various items of property, setting forth appraisals, his valuations, and extending give-or-take offers at what he considered fair valuations. The District Court, for the most part, adopted the give-or-take valuations, differing from Richard's total by only a nominal amount. Richard submits that, given Sonyalea's attempts to consistently overvalue assets likely to be awarded to Richard while undervaluing those likely to be awarded to her, the District Court should have ruled the give-or-take proposal a good faith valuation and accepted it in toto.

The District Court obviously recognized and appreciated the give-or-take proposal as a good faith valuation, as evidenced by its substantial adoption of the give-or-take figures. We are reluctant, however, to limit the District Court's far-reaching discretion in property disposition matters by requiring any good faith give-or-take offer to be substituted for that discretion. The District Court committed no error in determining the value of personal property.

Affirmed, with instructions to the District Court to order the insurance policy awarded to Richard. Costs to the wife.

_____
John C. Sheehy
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

-7-