Minnie L. BURNHAM, Plaintiff
and Appellant,

v.

Alma Joseph BURNHAM, Defendant
and Respondent.

No. 20003.

Supreme Court of Utah.

Jan. 14, 1986.

Richard K. Spratley, Bountiful, for plaintiff and appellant.

Ben P. Knowlton, Salt Lake City, for defendant and respondent.

PER CURIAM:

Plaintiff appeals from the property division made in a divorce decree and from the trial court's denial of her motion for a new trial. We affirm.

Plaintiff and defendant were married for fifty-one years. They have seven children, all of whom have reached their majority. Plaintiff worked all of her married life as a registered nurse and was still so employed on a part-time basis at the time of the

divorce. Defendant was an employee of Utah Power & Light until 1975 when he retired and moved to Colorado City, Arizona, to be with his plural wife and their five minor children. At the time of the divorce, plaintiff and defendant's assets included a home in Farmington, Utah, valued by plaintiff at $118,500, a mobile home valued by plaintiff at $14,000, three cars (two in the possession of the plaintiff and one in defendant's), 460 shares of Utah Power & Light stock valued at $21 each, and a $5,000 money market certificate. The financial declaration submitted by defendant also listed two life insurance policies valued at death at $28,000 and $18,000, respectively, but having no known cash value. No testimony was elicited at trial from either party on the latter two items.

The court awarded the house and furniture, money market certificate, and two cars in the possession of the plaintiff to her. He awarded the 460 shares of Utah Power & Light stock, the mobile home stationed at Colorado City, and the car in defendant's possession to him. The court then added up the value of the property given to each party, $123,500 to plaintiff and $23,660 to defendant, which totaled $147,160. It found that because of the length of the marriage an equal division would be appropriate, with an award of $73,580 to each. Substracting the $23,660 share of the defendant from that award, it arrived at an additional $49,920 award to defendant, awarded plaintiff a life estate in the house and made the lien of defendant's share payable upon her death or sale of the house. Both parties were awarded their own retirement assets. Judgment was entered accordingly.

■ Before entry of judgment, plaintiff brought her motion for a new trial, stating that she did not discover in time for trial the value of defendant's life insurance policy in the amount of $28,000. No mention was made of the $18,000 policy now included in her appeal, and we decline to consider it in our decision. *Almon, Inc. v. Utah Liquor Control Commission*, Utah, 696 P.2d 1210 (1985). The court denied the motion but allowed her to present argument on that one issue. It found that the policy had no present cash value, that the parties were both aware of it at trial and did not make it an issue, and awarded the policy to defendant.

■ In attacking the division of the marital estate, plaintiff relies principally on *MacDonald v. MacDonald*, 120 Utah 573, 236 P.2d 1066 (1951), for the proposition that the trial court failed to consider all of the factors there set out and failed to ascertain proper valuations of some of the property which she believes resulted in a prejudicial and inequitable distribution mandating reversal. The *MacDonald* court recognized that the factors relied upon by plaintiff afforded no magic solution in the division of marital assets. "The problem is of such a nature as not to be susceptible of solution by any exact formula; indeed the authorities frequently say that for that reason each case must be determined upon its own facts." *MacDonald* 236 P.2d at 1069. That principle of equity has survived evolving changes in domestic matters. In the distribution of the marital estate there is no fixed rule or formula. *Gramme v. Gramme*, Utah, 587 P.2d 144 (1978). Within certain limits that have been set by this Court, the trial court may make such orders in relation to the parties as may be equitable. *Jones v. Jones*, Utah, 700 P.2d 1072 (1985); U.C.A., 1953, § 30-3-5 (1984 ed.). The trial court in a divorce action is permitted considerable discretion in adjusting the financial and property interests of the parties, and its actions are entitled to a presumption of validity. *Argyle v. Argyle*, Utah, 688 P.2d 468 (1984) (citations omitted). The burden was on plaintiff to overcome that presumption:

A party appealing from a property division has the burden to prove that there was a misunderstanding or misapplication of the law resulting in substantial and prejudicial error; or the evidence clearly preponderated against the finding; or such a serious inequity has re-

sulted as to manifest a clear abuse of discretion.

*Pope v. Pope*, Utah, 589 P.2d 752, 753 (1978); *see also English v. English*, Utah, 565 P.2d 409 (1977).

The trial court found that the parties had sufficient income to provide for their necessities and neither was in need of support from the other. Record evidence supports that finding. Plaintiff was part-time employed and received rent from letting an apartment in her home. She may elect not to pay defendant his share in the home during her lifetime. Defendant received a retirement income from Utah Power & Light. The court accepted plaintiff's valuation of the home and mobile home and rejected defendant's. She cannot now be heard to attack those findings as inequitable. There was no evidence that defendant had any interest, legal or equitable, in the foundation upon which his mobile home rests and none could be inferred. Plaintiff received the two cars she had held in her possession and defendant one. Neither party put on evidence that there was disparity in the value of the cars that should be equitably adjusted. Those findings do not manifest a clear abuse of discretion.

Plaintiff's argument that the trial court abused its discretion in denying her motion for a new trial on the issue of one insurance policy is ill-founded. Defendant declared it on his financial declaration but attributed no present value to it because none existed. The trial court was well within its discretion in awarding defendant the policy without the necessity of a new trial. Plaintiff failed to show that she could not, with reasonable diligence, have discovered and produced the purported newly discovered evidence at trial as required by Rule 59(a)(4) of the Utah Rules of Civil Procedure. Under those circumstances, the trial court did not abuse its discretion in denying her motion for a new trial. *Doty v. Cedar Hills*, Utah, 656 P.2d 993 (1982) (reversed on other grounds).

The judgment is affirmed.