**Stephen Norris ALEXANDER,
Plaintiff and Appellant,**

v.

**Diane Jean ALEXANDER, Defendant
and Respondent.**

**No. 20841.**

Supreme Court of Utah.

April 28, 1987.

---

William H. Lindsley, for plaintiff and appellant.

James B. Hanks, for defendant and respondent.

DURHAM, Justice:

Plaintiff Stephen Norris Alexander appeals from a decree of divorce awarding defendant Diane Jean Alexander custody of their youngest child.

Plaintiff and defendant were married in Arizona in 1968. At the time of the marriage, defendant was sixteen years old and pregnant. The parties had two more children within the first three and a half years of their marriage, making defendant the mother of three preschoolers at the age of nineteen. After a ten and a half-year hiatus, the parties' fourth and final child was born.

The parties' family life was marred by conflicts that climaxed in March 1984, when their oldest daughter attempted suicide by shooting herself in the head. Although the child recovered and is now doing well, she became impulsive and volatile as a result of brain damage, causing further stress to the parties' relationship.

In July 1984, defendant took the parties' youngest child, who was then four, to Missouri to live with defendant's brother. Defendant and her child traveled with a male family friend. During the trip, defendant and her child slept in the same bed with the friend. Although defendant disavowed a sexual relationship with him, the trial court found that one existed.

Plaintiff was granted a divorce after a trial held in April 1985.

## Child Custody

Plaintiff assigns as error the district court's award of custody of the youngest child to defendant. Plaintiff was awarded custody of the three older children, who were then sixteen, fourteen, and thirteen years old. Plaintiff proffers three reasons why it was not proper for the district judge to award defendant custody of the youngest child: the decision was not in the child's best interest; it was inappropriate to separate the children; and the decision was based on a maternal preference.

■ We decline to overturn the trial court. Where there is evidence to support a ruling, the task of determining the best interests of the child in a custody dispute is for the trial judge, who has the opportunity to personally observe and evaluate the witnesses. If a trial judge exercises his discretion in accord with the standards set by this Court, the decision will not be overruled. *See Jones v. Jones,* 700 P.2d 1072, 1074 (Utah 1985) (award of alimony). In

*Hirsch v. Hirsch,* 725 P.2d 1320, 1321 (Utah 1986), we stated:

> The trial court is afforded particularly broad discretion in the area of child custody. A determination of the "best interests of the child" turns on factors which the trial court is best able to assess, and only when the action taken by the trial court is so unjust as to constitute an abuse of discretion should this Court substitute its own judgment.

(Footnote omitted.) *See Wall v. Wall,* 700 P.2d 1124, 1125 (Utah 1985).[1] We find no abuse of discretion in the present case. The evidence indicated that defendant had been the primary care-giver for the youngest child. She planned to live with the child's grandmother in a situation in which the grandmother would share child-care duties. On the other hand, evidence was presented suggesting that plaintiff ran a dirty, disorganized household and has little inclination for house cleaning and laundering. While these shortcomings may cause some inconvenience for the teenaged children, they have the potential to seriously and detrimentally affect a young child. Further, plaintiff presented no firm plans for the care of the child while he worked. We disagree with plaintiff's assertion that the trial court's decision was a flagrant abuse of discretion and against the overwhelming weight of the evidence.

■ Plaintiff asserts that the trial court abused its discretion by ignoring Utah Code Ann. § 30-2-10 (1984), which provides: "[I]f a husband or wife abandons his or her spouse, that spouse is entitled to the custody of the minor children, unless a court of competent jurisdiction shall otherwise direct." According to plaintiff, this statute grants him custody of the youngest child. Plaintiff's reading, however, ignores the final phrase of the statute, which allows a court of competent jurisdiction to grant custody to the abandoning spouse.

---

**1.** Plaintiff urges us to apply our usual standard of review only in cases in which the trial court "clearly applied the appropriate guidelines and rules," but to substitute our judgment for that of the trial court when it appears that the trial court "materially or substantially" deviated from the best-interests-of-the-child rule. We think that standard would be ill-advised and would simply confuse the issue by forcing us to determine what is in the best interests of the child and then determine if the trial court materially and substantially deviated from the decision we would have reached. Such a standard would be inappropriate and render every appeal a second chance to accomplish what should have been determined at trial.

Plaintiff's claim that it was improper to separate the children is likewise without merit. "While it is true that a child custody award which keeps all the children of the marriage united is generally preferred to one which divides them between the parents, that preference is not binding on the face of considerations dictating a contrary course of action." *Jorgensen v. Jorgensen*, 599 P.2d 510, 512 (Utah 1979); *see also Pusey v. Pusey*, 728 P.2d 117, 120 (Utah 1986). In this case, we think the ten and a half-year gap between the parties' last two children, defendant's role as primary care-giver, and plaintiff's inability to provide a home environment suitable for a young child are considerations that were properly used to award defendant custody of the youngest child. We find no abuse of discretion.

Plaintiff also asserts that the trial court was motivated by an improper preference for the mother because of the age of the youngest child. We agree with plaintiff that a maternal preference is impermissible. *Pusey v. Pusey*, 728 P.2d 117 (Utah 1986). Plaintiff, however, has offered us no proof that such a preference operated here. As support for his claim, he cites only an isolated statement by the trial judge to the effect that defendant lost custody of the three older children when she left the marital home. Plaintiff asks us to reach too far to move from this remark to the conclusion that the trial court exercised an improper maternal preference.

### Property Division

The trial court awarded defendant, who has only a tenth-grade education, no alimony, but gave her half of the marital estate and ordered plaintiff to pay the couple's outstanding debts in lieu of alimony. Neither party was awarded child support.

Plaintiff claims that it was error for the trial court to order him to pay the marital debts and argues that the trial court erred in failing to reduce the value of a stock-price-tied profit-sharing plan to account for tax liability and in including post-separation contributions to the plan in assessing its value. We find no error.

As long as a property division is made within the standards set by this Court, we will not disturb the trial judge's decision. *Jones v. Jones*, 700 P.2d at 1074; *Burnham v. Burnham*, 716 P.2d 781, 782 (Utah 1986). We find the property division made by the trial court to be well within its discretion.

> This Court endows the court's adjustment of the financial interests of the parties with a presumption of validity and does not review their values absent a clear abuse of discretion.... We do not lightly disturb property divisions made by the trial court and uphold its decision except where to do so would work a manifest injustice or inequity.

*Pusey v. Pusey*, 728 P.2d at 119 (citations omitted); *see Savage v. Savage*, 658 P.2d 1201 (Utah 1983).

We also decline to disturb the trial court's valuation of the profit-sharing plan. The trial court did not reduce the present value of the plan to account for income tax liability that could be imposed in the future. Plaintiff has not argued and it does not appear that the valuation of the profit-sharing plan was itself a taxable event; therefore, we do not think the trial court's refusal to speculate about hypothetical future consequences was an abuse of discretion. *See Gilbert v. Gilbert*, 628 P.2d 1088, 1089 (Mont.1981) (affirming a property division in which the trial judge did not adjust the market value of a retirement account in anticipation of future tax liability). Plaintiff argues that contributions he made to the profit-sharing plan after defendant left the marital home but before the marriage was terminated should not have been included in the marital estate. We disagree. Under appropriate circumstances, the trial court is within its discretion in evaluating the marital estate as of the date the marriage is terminated. *Jesperson v. Jesperson*, 610 P.2d 326, 328 (Utah 1980).

Affirmed. Costs to respondent.

HALL, C.J., STEWART, Associate C.J., and ZIMMERMAN, J., concur.

HOWE, Justice (concurring).

I concur, but wish to observe that the disavowance of a maternal presumption should not be interpreted as discounting valid factors upon which the presumption rests, such as (1) the strong bonding which develops between a mother who has given birth to a child and has attended to his or her needs around the clock for months or years, and (2) the skills and sensitivity she develops thereby.