**Janette DEEBEN, Plaintiff and Appellant,**

v.

**Derick R. DEEBEN, Defendant and Respondent.**

**No. 880104–CA.**

Court of Appeals of Utah.

April 14, 1989.

Robert L. Neeley, Ogden, for plaintiff and appellant.

Dale E. Stratford, Ogden, for defendant and respondent.

OPINION

Before BENCH, BILLINGS and GREENWOOD, JJ.

BILLINGS, Judge:

Plaintiff-appellant Janette Deeben appeals from a decree of divorce awarding joint custody of the parties' children. The decree awarded defendant-respondent Derick Deeben primary physical custody of H.D., and Ms. Deeben primary physical custody of K.D. This court previously remanded the case to the trial court with directions to make additional findings of fact to reflect its determination of the children's best interests and to enter judgment accordingly. Following this order, the trial court entered amended findings of fact, and affirmed its original custody award. On appeal, Ms. Deeben claims the trial court abused its discretion in awarding the primary care of H.D. to Mr. Deeben based on its amended findings of fact. We disagree, and affirm the trial court's custody determination.

Ms. Deeben does not claim that the trial court's amended findings of fact are not supported by the evidence [1] and thus, we need not recite the lengthy and conflicting accounts of the parties' unsuccessful marriage.[2] Rather, Ms. Deeben claims the trial court's findings do not support its legal conclusion that awarding primary care of H.D. to Mr. Deeben is in the child's best interest. Ms. Deeben raises several arguments to support her position. The most

---

**1.** During oral argument, counsel for Ms. Deeben stated he took exception to several of the trial court's amended findings of fact, claiming they were not supported by the evidence. Counsel also asserted he was indeed, as part of this appeal, challenging the sufficiency of the evidence. We are unable to detect such a challenge in counsel's brief. Even so, counsel has clearly failed to meet his burden of marshalling the evidence, and accordingly, we presume the trial court's amended findings of fact are sup-

ported by the evidence. *See, e.g., Scharf v. BMG Corp.,* 700 P.2d 1068, 1070 (Utah 1985).

**2.** We do, however, find the facts of this case somewhat unique. Both Mr. and Ms. Deeben are young and reside with their parents. It is clear that irrespective of the custody award, the grandparents would contribute substantially in the children's care. This unique situation obviously played an important role in the trial court's decision.

compelling argument is that the trial court found she was the primary caretaker of H.D. at the time of trial, and had physical custody of both children for roughly eleven months before trial. Furthermore, Ms. Deeben claims the evidence demonstrated that H.D. was healthy, happy, and well adjusted in her care. Finally, Ms. Deeben argues the trial court erred in splitting the siblings.

Trial courts are given particularly broad discretion in child custody matters, and we will not disturb their determinations so long as they are consistent with the standards set by appellate courts, and are supported by adequate findings of fact and conclusions of law. *Davis v. Davis,* 749 P.2d 647, 648 (Utah 1988). "[F]indings should refer to the specific factors pertinent to the decision of what placement is in the best interests of the child, 'including the particular needs of [each] child and the ability of each parent to meet those needs.'" *Sanderson v. Tryon,* 739 P.2d 623, 626 (Utah 1987) (quoting *Martinez v. Martinez,* 728 P.2d 994, 995 (Utah 1986) (per curiam)). Moreover, although this court may have reached a different conclusion as to the proper placement of the children, we will not substitute our judgment for that of the trial court absent an abuse of discretion. *See Alexander v. Alexander,* 737 P.2d 221, 223 (Utah 1987). In *Alexander,* the Utah Supreme Court stated:

> Where there is evidence to support a ruling, the task of determining the best interests of the child in a custody dispute is for the trial judge, who has the opportunity to personally observe and evaluate the witnesses.

*Id.*

It is now well settled that neither parent should be preferred in a custody award based solely on gender. *Pusey v. Pusey,* 728 P.2d 117, 119–120 (Utah 1986). Instead, trial courts must consider "function-related" factors. *Id.* at 120. These factors include:

> the preference of the child; keeping siblings together; the relative strength of the child's bond with one or both of the prospective custodians; and, in appropriate cases, the general interest in continuing previously determined custody arrangements where the child is happy and well adjusted. Other factors relate primarily to the prospective custodians' character or status or to their capacity or willingness to function as parents: moral character and emotional stability; duration and depth of desire for custody; ability to provide personal rather than surrogate care; significant impairment of ability to function as a parent through drug abuse, excessive drinking, or other cause; reasons for having relinquished custody in the past; religious compatibility with the child; kinship, including, in extraordinary circumstances, stepparent status; and financial condition.

*Hutchinson v. Hutchinson,* 649 P.2d 38, 41 (Utah 1982) (footnotes omitted).

Prominent, although not dispositive, among the function-related factors are "the identity of the primary caretaker during the marriage," which parent has "greater flexibility to provide personal care for the child, ... the identity of the parent with whom the child has spent most of his or her time pending custody determination if that period has been lengthy," and the relative stability of the environment each parent is capable of providing. *Pusey,* 728 P.2d at 120. We have also stated there is a preference for keeping siblings together whenever possible, but "'that preference is not binding in the face of considerations dictating a contrary course of action.'" *Id.* (quoting *Jorgensen v. Jorgensen,* 599 P.2d 510, 512 (Utah 1979)).

Ms. Deeben correctly asserts that she had been the primary caretaker of the children and that the custody award resulted in splitting the siblings, which are factors weighing against the trial court's award.[3]

---

3. Ms. Deeben also asserts the trial court abused its discretion in ignoring the recommendation of a psychologist who suggested the children's best interests would be better served by award-

ing Ms. Deeben physical custody of both children. Assessing the weight and credibility of expert witness testimony is a matter for the trier of fact, *see Yelderman v. Yelderman,* 669 P.2d

Nonetheless, assessment of the relevant factors and the appropriate weight to be given each under the particular facts of the case, remains within the sound discretion of the trial court. *Hutchinson*, 649 P.2d at 41. Accordingly, based on our review of the trial court's amended findings of fact, as set forth below, we conclude the court did not abuse its discretion in awarding primary physical custody of H.D. to Mr. Deeben. The trial court's relevant findings of fact, with our emphasis, are as follows:

> The court originally found that both parties were fit and proper persons to be custodial parents. The court is not changing this basic finding.
>
> [Mr. Deeben] was forced to take a hardship discharge or be transferred to Germany. He chose the hardship discharge so that he could fight for custody of his children.
>
> [Ms. Deeben] has been the primary caretaker the majority of the time until the court's ruling on January 19, 1988. This was out of necessity, however, because of [Mr. Deeben's] military assignments during the year 1987.
>
> *[Ms. Deeben] was not an ideal caretaker, however.* The child was not always properly fed, diapered, or put to bed at a reasonable hour by [Ms. Deeben]. [Mr. Deeben] on returning at late hours from military duty would on occasion have to fill those needs. *[Mr. Deeben] spent as much time as a caretaker of the child as [Ms. Deeben] when he was in the home and not filling military duties.* At this time, the children's feelings are not susceptible to making an expression of choice between parents.
>
> The child, [K.D.], has a special need to be with [Ms. Deeben] while nursing. *The child [H.D.] has no particular special need to be with [Ms. Deeben]. There is no particular special need created by any bond between siblings,* *there being no particular attachment of the sister to the new born brother at this time.*
>
> *The general interest of the child [H.D.] is [sic] any particular current environment is not great. She is happy and well adjusted in [Mr. Deeben's] care.* The character or status of both parents is the same.
>
> *The capacity or willingness to act as the custodial parent for [H.D.] is very great in [Mr. Deeben].* The moral character of both parents is the same.
>
> The depth of desire to be a responsible parent has been exhibited by [Mr. Deeben].
>
> *Personal care for [H.D.] will be shared with one or the other set of grandparents, no matter which party has primary custody. Both parents are limited by work and school. [Ms. Deeben] is further limited by the needs of the infant child [K.D.].*
>
> Neither party suffers from impairment. Both parties love the children and want what is best for the children.
>
> Past custody patterns and the role of primary caretaker must be put into the context of [Mr. Deeben's] military service. Had he not been in the military, both parents would have ranked as jointly being caretakers.[4]
>
> When the parties were together in Texas, [Ms. Deeben] did not provide primary care for [H.D.] exclusively. Instances of diaper rash, the unwise use of paregoric on the child, meal patterns and neglect were ameliorated by [Mr. Deeben's] concern to be with [H.D.], to do things with the child, and to do things for these problems.
>
> Religious factors rank equally with either party.

406, 408 (Utah 1983), and based on the record before us, the trial court did not abuse its discretion in rejecting the psychologist's recommendations.

**4.** We emphasize trial courts must not reward or punish parents for their conduct during a marital relationship through a custody award. *Davis v. Davis,* 749 P.2d 647, 648 (Utah 1988). The primary focus is always the best interests of the children, and although a desire to be with one's child should certainly be considered in making such an assessment, it is not a substitute for actual caretaking.

Kinship factors rank equally with either party.

*Housing conditions for [H.D.] are better with [Mr. Deeben], and are somewhat constricted with [Ms. Deeben]. [Mr. Deeben] and his parents were not always given the visitation that they had a right to under the Court's preliminary orders with custody in [Ms. Deeben]. For the child, [H.D.] to enjoy the association of both parents in the future, primary custody is better in the home of [Mr. Deeben].*

*Cooperation and the give and take in making decisions for the children will be facilitated with primary custody of [H.D.] being with [Mr. Deeben].*

In sum, it is clear from the trial court's amended findings of fact that the court considered the appropriate factors and found the parties equal in most respects. The court did, however, find that Mr. Deeben had demonstrated prior abilities to be a primary caretaker, had better housing conditions than Ms. Deeben, and exhibited a strong desire to have custody of his daughter. More importantly, the trial court believed Mr. Deeben would encourage Ms. Deeben's participation in H.D.'s upbringing, whereas the court found that Ms. Deeben reluctantly permitted Mr. Deeben and his parents to visit the children. Based on its findings, the trial court determined the best interests of the child would be better served by awarding physical custody of H.D. to Mr. Deeben. We conclude the trial court's award was not an abuse of discretion, and accordingly, the trial court's judgment is affirmed. The parties are to bear their own costs.

BENCH and GREENWOOD, JJ., concur.