508 P.2d 531

**Michael Lowell SPARKS, Plaintiff and Appellant,**

v.

**Barbara Jo Ann SPARKS, Defendant and Respondent.**

No. 12878.

Supreme Court of Utah.

March 23. 1973.

State Board of Equalization, 66 Wyo. 268, 208 P.2d 1096, 210 P.2d 824.

David E. Bean, of Bean, Bean & Smedley, Layton, for plaintiff-appellant.

HENRIOD, Justice.

Appeal from a judgment, after a divorce and after an unsuccessful hearing instituted by Mr. S. to change the decreed custody to the mother of two infant boys, six and three. Affirmed, with no costs awarded.

The thrust of this case is simply that Mr. S. claims and suggests that Mrs. S., after the divorce, had a biological bent that led her to live with a fellow that she intended to marry but didn't, and that she indulged in other indiscretions inimical to the six-year-old's disturbed male syndrome. This conclusion was inculcated here by an unmarried lady witness who apparently was an accomplished but youthful child psychologist but few years out of college,—whose testimony the trial court did not seem to purchase.

Here's what the stolid sage of the Second District trial court had to say,—all of which is supported by pretty good believable evidence:

At the outset the Court wishes to thank the attorneys for the interesting and expert presentation of the issues in this case. The Court would further like all parties and counsel to know that there is no decision which a Court can make in a child custody case which pleases all parties.

From the standpoint of the children I am compelled to comment that these children are fortunate in that in so far as the Court was able to observe all parties who have any contact with them are interested in the best interests of the children.

The Court does find as a fact that the physical and emotional needs of the children are being met in the home of the

defendant mother. The conduct of the defendant mother in respect to the witness . . . is understandable, and I believe was motivated by her desire to make a stable and lasting marriage. At any rate there was no evidence before me that that conduct was such as would damage the children to any greater extent than a divorce damages children psychologically generally.

· The psychologist . . . was helpful to the Court in pointing out the potential problem that exists with respect to the child Lonnie, but at the same time she is not able to forecast for me that a change in custody would necessarily be beneficial to that child.

I therefore conclude and hold that the best interests of the children require me to indulge in the statutory presumption that children of young years are best off in their mother's care, and the Petition to Change Custody is denied.

Counsel for Mr. S. takes a personal, philosophical and asserted moral exception to two cases decided by this Court,—both by unanimous opinions. These are Stuber v. Stuber [1] and Dearden v. Dearden,[2]— wherein the authors' bona fides are not at all challenged,—but where it is suggested that there is such a person as an attentive, affectionate, fit and proper mother who nonetheless might have done something that comes naturally, but perhaps without established legal sanction, but possibly born of some kind of explainable emotion or influence or maybe even economics,—or other reason about which an irate ex-husband, or a child psychologist, or even a priest or a lawyer might express some kind of compunction.

We are not unmindful of the apparent sincerity of counsel's negative appraisal of the Stuber and Dearden cases, nor his criticism of about 17 District Judges on the Wasatch Front,—comprising four counties out of 29, in which such judges serve about 80 per cent of the people in Utah, when he volunteers the following gratuity which we consider to be an inaccurate appraisal and condemnation of those robed gentlemen:

> The preoccupation of this trial court, and indeed all other trial courts, along the Wasatch Front, with the principles enunciated in Stuber v. Stuber, supra, and Dearden v. Dearden, supra, is extremely unfortunate,—

which commentary now may include the decision here,—with which quotation others, including us, may exercise a prerogative to disagree.

CALLISTER, C. J., and ELLETT, CROCKETT, and TUCKETT, JJ., concur.

1. 121 Utah 632, 244 P.2d 650 (1962).

2. 15 Utah 2d 105, 388 P.2d 230 (1964).