**Brad J. WALL, Plaintiff and Appellant,**

v.

**Teresa WALL, Defendant and Respondent.**

No. 19948.

Supreme Court of Utah.

May 16, 1985.

J. Robert Knight, Salt Lake City, for plaintiff and appellant.

James C. Haskins, Salt Lake City, for defendant and respondent.

PER CURIAM:

Plaintiff husband appeals from that part of a divorce decree awarding custody of the parties' minor child to defendant wife.

The parties were married on October 14, 1977, and on April 12, 1978, their son Jerrod was born. In 1983, plaintiff filed for a divorce and defendant counterclaimed. Neither party sought alimony, but both sought custody of Jerrod. Pending trial and pursuant to stipulation, the parties were awarded joint custody of the child on an alternating basis.

The case was tried on February 2, 1984. Witnesses testifying at trial included plaintiff, defendant, and a family therapist. The court took the case under advisement and, several days later, rendered its decision by handwritten opinion. The property of the parties was divided to the apparent satisfaction of each since neither has appealed that issue. Defendant was awarded custody of Jerrod, with reasonable rights of visitation to plaintiff.

On March 16, 1984, plaintiff filed "objections to findings and request for reconsideration." Following a hearing, the court overruled plaintiff's objections, denied his request for reconsideration, and entered the decree. Plaintiff thereupon filed his notice of appeal.

▪ Plaintiff urges that the court's findings are deficient and that the custody award to defendant is inconsistent with the evidence presented. As to alleged deficiencies in the findings of fact, we stated as follows in *Boals v. Boals*, Utah, 664 P.2d 1191, 1194 (1983):

Concededly, the trial judge's findings of fact are meager and it would have been advisable for him to have set forth his findings in greater detail. However, this being a matter of equity, it is the prerogative of this Court to review questions of both law and fact. Consistent with that prerogative, we are not wholly bound and limited by the findings of fact made by the trial judge.

Plaintiff argues that the family therapist testified that defendant is emotionally disturbed and that plaintiff is better suited to care for the child. There was also evidence presented at trial to the effect that because he had not been working much of late, plaintiff was able to spend a lot of time with Jerrod; defendant, on the other hand, was working approximately forty hours per week. At the "reconsideration" hearing, the trial judge ruled that this evidence did not change his mind as to the custody award. The judge held:

> Credibility of witnesses is a factor in any case and I was not impressed that plaintiff's use of baby tending as an excuse for not working was in the child's best interest.

Plaintiff also suggests that defendant is unfit to have custody of Jerrod because of her sexual behavior. He cites *Kallas v. Kallas*, Utah, 614 P.2d 641, 645 (1980), for the following proposition:

> Although a parent's sexuality in and of itself is not alone a sufficient basis upon which to deny [the parent's right to custody of minor children], the manifestation of one's sexuality and resulting behavior patterns are relevant to custody....

There was evidence adduced in the instant case that after the parties' separation, defendant's boyfriend had on occasion spent the night with defendant and Jerrod.[1] The court cautioned defendant as to the propriety of such behavior but, apparently believing her testimony that no indiscretions occurred in the child's presence, awarded her custody of the child.

Our standard of review in child custody matters was succinctly set forth in *Jorgensen v. Jorgensen*, Utah, 599 P.2d 510, 511–12 (1979). We there stated:

> [T]he trial court is given particularly broad discretion in the area of child custody incident to separation or divorce proceedings. A determination of the "best interests of the child" frequently turns on numerous factors which the trial court is best suited to assess, given its proximity to the parties and the circumstances. Only where trial court action is so flagrantly unjust as to constitute an abuse of discretion should the appellate forum interpose its own judgment.

 In the instant case the evidence, depending upon how it is viewed, could support a custody award to either party. In such case, we will defer to the judgment of the trial court. It was therefore not an abuse of discretion for the trial court to award custody to defendant.

Affirmed. No costs awarded.

---

1. Defendant testified that she and her boyfriend had broken up several weeks before trial.