**Gayle D. FONTENOT, Plaintiff and Respondent,**

v.

**Robert Wayne FONTENOT, Defendant and Appellant.**

**No. 19845.**

Supreme Court of Utah.

Jan. 17, 1986.

Kathryn Schuler Denholm, Salt Lake City, for defendant and appellant.

Gerald McPhie, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The defendant, granted a divorce from the plaintiff, appeals that portion of the decree awarding custody of the two minor children to the plaintiff. After eight years of marriage, the parties separated in August 1982 and each filed for divorce. They agreed that the plaintiff should have temporary custody of the children during the divorce proceedings. After an unsuccessful attempt at reconciliation, the cases were consolidated and tried in February 1984. The defendant was awarded the divorce in view of the plaintiff's extramarital relationships.

The contention between the parties on appeal is the custody of the two children: a five-year-old daughter and a three-year-old son. Each child has special needs and concerns, emotional and physical. The son suffers seizures as a result of a birth defect, needing daily medication and patient supervision. He receives medical treatment from his local pediatrician and the Primary Children's Medical Center. There

was also evidence that the daughter needed strong emotional reinforcement.

Although both children enjoyed a positive, loving relationship with each parent, the bond between the children and their mother was stronger. The court-appointed expert who evaluated the child custody testified that although both parties were capable and loving parents, the plaintiff had functioned in the role of the primary parent and security figure to the children. Warm emotional ties between children and mother had bonded and were very important to the children's physical and emotional well-being. The plaintiff is a reliable parent who provides a good, positive home environment. She has obtained some professional counseling and education regarding the boy's physical disability and the daughter's emotional insecurities.

The expert concluded that disrupting the special and strong mother-children relationship by separating the children from their mother would be detrimental to the best interests of the children. Because of the closeness between the mother and the children and the special medical needs of the younger child, the mother's custody would, in the expert's opinion, serve the children's best interests. After considering all the evidence as to both parties, the trial court followed this recommendation in awarding custody to the plaintiff. We affirm.

The defendant was also characterized as a capable and loving parent. However, there was evidence that at times he was lax in his attention to the children's medical needs and their physical care and training. He admitted that occasionally he had been unreliable in timely exercising his visitation rights and support obligations. In referring to the children's mother, his language was at times vulgar and spiteful.

The defendant testified that if awarded custody, he would immediately move with the children to Louisiana, where they would live with his parents until after such time as the defendant remarried. The defendant would rely upon his mother or siblings to provide the day-to-day care of the children. There they would remain separated from their mother, totally disrupting her vital relationship with them.

After separation from her husband, the plaintiff engaged in separate overnight relationships with various men in her home. At the time of trial, the plaintiff had recently given birth to a third child resulting from one of these affairs. Although the children were personally acquainted with these male companions, the plaintiff testified that she was discreet in her intimate relationships. Mr. Fontenot argues that in view of the evidence as to his wife's behavior, it was an abuse of discretion for the trial court to award her custody of the children because she did not provide sufficient moral guidance in rearing them. There was no evidence that the children had been directly exposed to or affected by the mother's sexual behavior. The court made no finding that the children were adversely impacted by these relationships. The defendant did not present any evidence that would support such a finding.

The best interests of the children are paramount in the determination of custody. A determination of the children's best interests turns on numerous factors, each of which may be more or less important according to the facts of each case. *Jorgensen v. Jorgensen,* Utah, 599 P.2d 510 (1979). The custodial parent's extramarital sexual relationship alone is insufficient to justify a change in custody. *Shioji v. Shioji,* 23 Utah Adv.Rep. 4 (1985).

In similar custody disputes, we have upheld the trial court's determination when all factors are considered.[1] We do not disturb the trial court's decision absent a showing of an abuse of discretion or manifest injustice.[2] In these matters, we will not interpose our own judgment in place of

---

1. *Wall v. Wall,* Utah, 700 P.2d 1124 (1985); *Becker v. Becker,* Utah, 694 P.2d 608 (1984); *Cox v. Cox,* Utah, 532 P.2d 994 (1975) (denying modification of custody); *Shioji v. Shioji, supra;*

*Martinez v. Martinez,* Utah, 652 P.2d 934 (1982) (affirming the modification of custody).

2. *Nilson v. Nilson,* Utah, 652 P.2d 1323 (1982).

the trial court's broad exercise of discretion unless it is shown to be so flagrantly unjust as to be an abuse of discretion. The issue on appeal is not whether the trial court's exercise of its discretion accords with our own view of the evidence, but whether its findings are supported by substantial evidence.[3] In this case, we also affirm the trial court's exercise of discretion.

Although the conduct of both parties has been less than exemplary, there is substantial evidence to support the trial court's determination that the interests of the children are best served by maintaining their strong bond with the plaintiff. By awarding custody to the mother, both parents are able to maintain and strengthen their relationships with the children. An award of custody to the defendant would result in the disruption of the present close and special relationship between the mother and the children. *See* Hafen, *The Constitutional Status of Marriage, Kinship and Sexual Privacy—Balancing the Individual and Social Interests*, 81 Mich.L.Rev. 463, 473–74 (1983). The trial court was also particularly mindful of the unique role usually played by the mother in caring for her children in tender years. *Boals v. Boals*, Utah, 664 P.2d 1191 (1983).

Witnesses for each party described that party as a loving, caring, and capable parent, although each party was quick to criticize the other's parenting skills. Albeit conflicting, the evidence as a whole does not preponderate against the mother's custody. We have carefully read the record and are not persuaded that the award of custody to the plaintiff constitutes an abuse of discretion. The defendant has failed to show any present adverse impact on the children as a result of the defendant's behavior. While there was no specific finding that either parent was a "fit and proper" person, the findings and evidence adequately detail that the mother's custody will best serve the children's interest.

By affirmance, we do not minimize the importance of a positive, constructive moral and emotional home environment as one factor to be considered in custody matters. U.C.A., 1953, § 30-3-10 (1977), as amended. The trial judge properly recognized its importance in addressing specific concerns regarding the plaintiff's past conduct and her parental responsibilities. Should it appear at some future time that circumstances have changed to the extent that the children's interests and welfare will be best served by a review of custody, the matter may again be brought to the trial court upon a proper petition and showing.

We affirm the decree and award of custody.