**LaRae JENSEN, Plaintiff and Appellant,**

v.

**Raymond JENSEN, Defendant and Respondent.**

**No. 870513–CA.**

Court of Appeals of Utah.

June 1, 1989.

Randy S. Kester, Springville, for plaintiff and appellant.

Tex R. Olsen, Richfield, for defendant and respondent.

Before BENCH, GARFF and ORME, JJ.

## OPINION

BENCH, Judge:

Plaintiff appeals the denial of her petition to modify a divorce decree awarding custody of her minor children to their father. We vacate the order and remand for appropriate findings.

Plaintiff LaRae Jensen and defendant Raymond Jensen were married on September 27, 1979, and divorced on February 10, 1987. During the course of their marriage, the parties had three children, and Raymond adopted two of LaRae's children from a previous marriage. The divorce decree awarded Raymond custody of all five children subject to reasonable visitation by LaRae. The court also determined to review the custody order at the end of ninety days if the two oldest children filed written elections to have LaRae assume custody of them.

The day after the divorce decree was signed, LaRae took all five children to visit with her parents. During the visit, the second youngest child was struck and killed by an automobile. Raymond then permitted LaRae to assume physical custody of the youngest child from February until June of 1987. The two older children also went to live with LaRae and timely filed the written elections contemplated by the court in the divorce decree.

LaRae returned to court in June 1987, with an affidavit in which she sought custody of all the surviving children of the marriage, along with child support. She alleged a material change of circumstances based on the following factors:

1) she had physical custody of three of the four surviving children;
2) the three children had established social and educational ties in her community;
3) she had remarried, obtained part-time employment, and was financially secure;
4) the child remaining with Raymond was unhappy and lacked parental supervision;
5) Raymond had failed to arrange visitation with the three children in her physical custody;
6) Raymond had failed to assist her financially with the support of the children; and
7) Raymond had attempted to use the children as a "cooersive [sic] device to extract concessions from [her] in order to benefit himself."

LaRae also filed a motion to recuse Judge Tibbs from hearing the matter. Judge George E. Ballif, Fourth District, reviewed the motion and concluded that LaRae's affidavit was insufficient to show bias and prejudice against Judge Tibbs. Judge Tibbs then issued an order to show cause and scheduled a hearing to determine "why the plaintiff should not be awarded custody of the minor children."

A hearing in which various witnesses testified on behalf of both parties was held on September 30, 1987. Ruling from the bench, the court concluded:

I just frankly am not convinced there's a material change of circumstances and I recognize the fact that there is an advantage for your children being together and that's one reason I made the decision like I did to start with. But I just feel that Mr. Jensen's done all he possibly could do to take care of these children, and I recognize it's all not glorious and there's been problems.

The record also contains an unsigned minute entry that states as follows: "The Court is not convinced there has been a

material change of circumstances and Mr. Jensen is still the primary caretaker of [the two youngest children] and the children will remain with him, with liberal visitation to the Plaintiff." In an order dated October 15, 1987, the divorce decree was amended to award custody of the two older children to LaRae. The court stated that no finding of a change of circumstances was required because the court had previously reserved the option to amend the divorce decree in this manner. In the next paragraph, the court denied LaRae's "petition" to gain custody of all the children. No findings were made regarding this aspect of the trial court's order. LaRae appeals only from that portion of the order.

■ Trial courts are given broad discretion in making custody determinations, and those decisions will not be upset on appeal absent a showing of an abuse of discretion or manifest injustice. *Maughan v. Maughan,* 770 P.2d 156, 159 (Utah App.1989). This discretion must be "exercised within the confines of the legal standards set by appellate courts, and the facts and reasons for the court's decision must be set forth in findings and conclusions." *Id.* The importance of proper findings was emphasized in *Smith v. Smith,* 726 P.2d 423, 426 (Utah 1986) (citation omitted):

> To ensure that the trial court's custody determination, discretionary as it is, ... is rationally based, it is essential that the court set forth in its findings of fact not only that it finds one parent to be the better person to care for the child, but also the basic facts which show *why* that ultimate conclusion is justified.... Proper findings of fact ensure that the ultimate custody award follows logically from, and is supported by, the evidence and controlling legal principles. Adequate findings are also necessary for this Court to perform its assigned review function.

*See also Shioji v. Shioji,* 671 P.2d 135, 136 (Utah 1983) (findings in divorce modification cases permit the aggrieved party to properly challenge the modification and the appellate court to properly review it).

Findings may appear in an opinion or memorandum decision, or may be stated orally and recorded in open court. Utah R.Civ.P. 52(a); *see also Hansen v. Hansen,* 736 P.2d 1055, 1058 (Utah App.1987), *cert. denied,* 765 P.2d 1277 (Utah 1987). Adequate findings are those that "(1) are sufficiently detailed, (2) include enough facts to disclose the process through which the ultimate conclusion is reached, (3) indicate the process is logical and properly supported, and (4) are not clearly erroneous." *Marchant v. Marchant,* 743 P.2d 199, 203 (Utah App.1987). Unless the record meets this standard, the issue of custody must be reversed. *Id.*

■ The trial court in this case made no findings in conjunction with either the amendment of the divorce decree or the denial of LaRae's petition. With respect to the amendment, the court stated that no findings were necessary since the change in custody of the older children was contemplated in the original decree. We will assume for purposes of this appeal that the amendment to award custody of those children was not a modification of the original divorce decree.[1] Clearly, however, LaRae sought modification of custody of the younger children on a theory of changed circumstances. Other than an unsigned statement by the court that Raymond is still the primary caretaker, the trial court's order neither discusses LaRae's evidence in support of her affidavit, nor compares that evidence with the factors underlying the original award.

We have examined the trial court's comments from the bench in the modification hearing, and have found little explanation as to the reasoning behind the denial of LaRae's petition. The hearing transcript reveals that keeping the children together was one reason for awarding initial custody to the father, but there is nothing to indicate why the court dispensed with that objective in awarding custody of only the older children to LaRae.

The trial court's initial custody award appears to have been properly premised on

---

1. Neither party challenges the custody award of     the older children.

the "best interests" standard of Utah Code Ann. § 30-3-10 (1989). The initial decree does not, however, discuss the underlying factual basis for the decision. The court merely concluded that Raymond was "a proper parent to be awarded the care, custody and control of the minor children." The original decree thus provides no baseline analysis of the relevant factors for the award of custody to Raymond against which the claimed change of circumstances can be measured.[2] Because there is simply insufficient factual grounds expressed to conclude whether a change of circumstances has been demonstrated, we are compelled to remand the case to the trial court for entry of appropriate findings.[3] Those findings should articulate the considerations behind the initial award of custody and the order denying modification, and should reflect the current legal standard for modification of custody.[4]

The order denying LaRae's petition to modify custody of the two youngest children is vacated and the case is remanded for entry of appropriate findings.

GARFF and ORME, JJ., concur.

---

**2.** Those relevant factors may include: the preference of the children; keeping siblings together; the relative strength of the children's bonds with one or both of the prospective custodians; the general interest in continuing previously determined custody arrangements where the children are happy and well-adjusted; the prospective custodian's moral character, emotional stability, and duration and depth of desire for custody; the ability to provide personal rather than surrogate care; significant impairment of ability to function as a parent through drug abuse, excessive drinking, etc.; the reasons for having relinquished custody in the past; the prospective custodian's religious compatibility with the children; kinship, which may include stepparent status; and the financial condition of the prospective custodian. *Hutchison v. Hutchison,* 649 P.2d 38, 41 (Utah 1982).

**3.** Without such findings, for example, it is difficult to distinguish Raymond's voluntary relinquishment of custody to LaRae from the situation in *Tuckey v. Tuckey,* 649 P.2d 88 (Utah 1982) (change of circumstances shown where mother is temporarily absent from state, leaving custody of children with grandparents).

**4.** LaRae contends on appeal that she has demonstrated a sufficient change of circumstances to justify a modification of custody. Since we do not reach this issue, we have no occasion to consider whether the trial court correctly applied the legal standard as set forth in *Elmer v. Elmer,* 107 Utah Adv.Rep. 37, 39–41, —— P.2d ——, —— - —— (1989); *see also Maughan,* 770 P.2d at 159–61.