LaRae (Jensen) THORPE, Plaintiff and Appellant,

v.

Raymond JENSEN, Defendant and Appellee.

No. 900372–CA.

Court of Appeals of Utah.

Aug. 21, 1991.

Don R. Schow (argued), J. Scott Lundberg, and Sally B. McMinimee, Prince, Yeates & Geldzahler, Salt Lake City, for plaintiff and appellant.

Tex R. Olsen (argued), Olsen, McIff & Chamberlain, Richfield, for defendant and appellee.

Before BENCH, ORME, and DAVIS,[1] JJ.

## OPINION

LYNN W. DAVIS, Judge:

■ This matter was originally appealed to the court under *Jensen v. Jensen*, 775 P.2d 436 (Utah App.1989), where plaintiff, LaRae Jensen, challenged the trial court's order denying her petition for change of custody. This court vacated the trial court's order denying custody and remanded the case for entry of appropriate findings. Plaintiff again appeals the denial of her "petition" to change custody and also appeals the initial divorce decree which awarded custody of the minor children to defendant, Raymond Jensen. We affirm.

## FACTS

Plaintiff and defendant were married on September 27, 1979, and divorced on February 10, 1987. During the course of their marriage, the parties had three children, and defendant adopted two of plaintiff's children from a previous marriage. The divorce decree awarded defendant custody of all five children subject to reasonable

---

1. Lynn W. Davis, Fourth Circuit Court Judge, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(10) (Supp.1991). While only "active judge[s] from an appellate court or the district court" may sit with the supreme court, *see* Utah Const. art. VIII § 2, no such restriction applies to the court of appeals. The court of appeals may constitutionally use a circuit court judge as a judge pro tempore. *See id.* § 4. *See also* Rule 3–108, Judicial Council Rules of Judicial Administration.

visitation by plaintiff. The court also indicated that it would review the custody order at the end of ninety days if the two oldest children filed written elections to have plaintiff assume custody of them.

The day after the divorce decree was signed, plaintiff took all five children to visit with her parents. During the visit, the second youngest child was struck and killed by an automobile. Defendant then permitted plaintiff to assume physical custody of the youngest child from February until June of 1987, although the child remained primarily with plaintiff's parents. The two older children also went to live with plaintiff and timely filed the written elections contemplated by the court in the divorce decree.

Plaintiff returned to court in June 1987, with an affidavit in which she sought custody of all the surviving children of the marriage, along with child support. She alleged a material change of circumstances based on the following factors:

(1) she had physical custody of three of the four surviving children;

(2) the three children had established social and educational ties in her community;

(3) she had remarried, obtained part-time employment, and was financially secure;

(4) the child remaining with defendant was unhappy and lacked parental supervision;

(5) defendant had failed to arrange visitation with the three children in her physical custody;

(6) defendant had failed to assist her financially with the support of the children; and

(7) defendant had attempted to use the children as a "coercive device to extract concessions from [her] in order to benefit himself."

A hearing in which numerous witnesses testified on behalf of both parties was held on September 30, 1987. The court denied plaintiff's petition to gain custody of all the children. No findings were made regarding this aspect of the trial court's order. Plaintiff then appealed only from that portion of the order.

On June 1, 1989, this court issued a decision vacating the Order Denying Plaintiff's Petition to Modify and remanded the case for entry of appropriate findings. *Jensen,* 775 P.2d at 439. A hearing was then conducted on May 16, 1990, for the purpose of making supplemental findings of fact and conclusions of law. Supplemental Findings were executed and entered by the District Court on June 5, 1990, and the Supplemental Order was entered on July 11, 1990.

On appeal, plaintiff asserts (1) the initial award of custody was not supported by the evidence, and (2) the trial court abused its discretion in not finding a substantial change in circumstances that would justify modification of the original decree.

## CUSTODY AWARD

■ Plaintiff, in her first appeal, did not challenge the initial custody award. She appealed only from the trial court's denial of her petition to gain custody of Jamie Christina Jensen and Josie McKele Jensen. Jamie has been in the custody of defendant since February 1987, and Josie has been in his custody since June 1987. Plaintiff now contends that the trial court's original findings of fact and conclusions of law respecting custody, as well as the supplemental findings and conclusions, are not based upon appropriate facts and are not supported by the evidence.

■ Trial courts have broad discretion in making custody determinations, and those decisions will not be upset on appeal absent a showing of abuse of discretion or manifest injustice. *Maughan v. Maughan,* 770 P.2d 156, 159 (Utah App.1989). This discretion must be "exercised within the confines of the legal standards, set by appellate courts, and the facts and reasons for the court's decision must be set forth in findings and conclusions." *Id.*

In custody matters, trial courts are obliged to follow the standard set forth in Utah Code Ann. § 30–3–10 (1989), which provides: "In determining custody, the court shall consider the best interests of the child and the past conduct and demonstrated moral standards of each of the par-

ties." This court has previously found that the trial court's initial custody award was properly premised on that "best interests" standard. *See Jensen,* 775 P.2d at 438. Our further review only serves to bolster that conclusion.

In *Pusey v. Pusey,* 728 P.2d 117, 120 (Utah 1986), the Utah Supreme Court identified various factors which may be considered in a "competing child custody claims" case. The court further emphasized in *Smith v. Smith,* 726 P.2d 423, 426 (Utah 1986), that no boilerplate list of factors concerning the best interests of the child can govern custody in all cases. This court has recognized that "these factors are highly personal and individual and do not lend themselves to the means of generalization employed in other areas of the law...." *Moon v. Moon,* 790 P.2d 52, 54 (Utah App.1990). The trial court in this case considered numerous factors in determining the best interests of the children. Our review of that assessment is limited to a determination of whether the trial court abused its discretion.[2]

In applying the "best interests" standard, the trial court appropriately considered the preference of the older children who were able to evaluate the custody question,[3] the parents' character and status,[4] the apparent commitment of the proposed custodian to parenting,[5] their moral character and emotional stability,[6] their religious compatibility with the children,[7] the possibility and feasibility of keeping siblings together,[8] and evidence of child abuse and neglect.[9] In addition, the court considered the relative abilities of the parents to provide care, supervision, and a suitable environment for the children and to meet the needs of the children.[10] Each of these factors has been recognized as appropriate by the appellate courts of this state. See notes 3–10, *supra.*

The trial court found that defendant demonstrated that he would continue to sacrifice his interests for the welfare of the children, that he was a stable influence on the children, that he had family in the community to whom the children related and who would assist him in raising the children, and that he had become the primary caretaker of the children. As pointed out in *Moon,* we defer to the discretion of the trial court because it is in a much better position to gain the necessary understanding to make the best decision possible under the circumstances.

Plaintiff further asserts that the trial court erred in its custody award because it had a personal bias as to the proper role of women. This court has previously stated that it "will not condone any finding of fact which might be interpreted as penalizing a

---

2. This court in *Erwin v. Erwin,* 773 P.2d 847, 849 (Utah App.1989), observed that "we accord broad discretion to the trial court so that it may use its first-hand proximity to the parties to resolve the delicate and highly personal problems presented in custody disputes." *See also Nutter v. Nutter,* 688 P.2d 454, 455 (Utah 1984); *Moon,* 790 P.2d at 53–54; *Schindler v. Schindler,* 776 P.2d 84, 87 (Utah App.1989).

3. *Hutchison v. Hutchison,* 649 P.2d 38, 41 (Utah 1982); *Henderson v. Henderson,* 576 P.2d 1289, 1290 (Utah 1978).

4. *Kallas v. Kallas,* 614 P.2d 641, 645 (Utah 1980); *Hutchison,* 649 P.2d at 41.

5. *Kallas,* 614 P.2d at 645; *State ex rel. R.L.,* 17 Utah 2d 349, 411 P.2d 839, 840 (1966); *Walton v. Coffman,* 110 Utah 1, 169 P.2d 97, 105–06 (1946); *Hutchison,* 649 P.2d at 41.

6. *Kallas,* 614 P.2d at 645; *Hutchison,* 649 P.2d at 41; *Erwin,* 773 P.2d at 849.

7. *Hutchison,* 649 P.2d at 41; *Sanderson v. Tryon,* 739 P.2d 623, 627 (Utah 1987).

8. *Jorgensen v. Jorgensen,* 599 P.2d 510, 512 (Utah 1979) (Crockett, C.J., concurring specially); *Hutchison,* 649 P.2d at 41; *Erwin,* 773 P.2d at 849.

9. Finding 6(F) recites: "[Plaintiff] had a violent temper and did throw things in the house and did damage the walls. At one time she struck the 6-year old, Jamie, with a hairbrush, which blow to the child's head required stitches to repair the wound." Plaintiff contends that the hairbrush incident is greatly exaggerated. While there was admittedly evidence to the contrary, the finding is not without evidentiary support.

10. *Wall v. Wall,* 700 P.2d 1124, 1125 (Utah 1985); *Erwin,* 773 P.2d at 849; *Deeben v. Deeben,* 772 P.2d 972, 974–75 (Utah App.1989); *Myers v. Myers,* 768 P.2d 979, 983 (Utah App. 1989).

woman for acquiring skills in other than the most fundamental and traditional areas necessary for functioning as a wife and mother." *Marchant v. Marchant,* 743 P.2d 199, 204 (Utah App.1987). We view the facts in this case at stark contrast to those in *Marchant* and we find the plaintiff's argument unpersuasive.

We believe that the trial court considered appropriate facts in making its determination of what was in the best interest of the children in concluding that defendant was to be the custodial parent. We conclude the findings of fact are sufficiently detailed, include enough facts to disclose the process through which the ultimate conclusion is reached, indicate that the process is logical and properly supported, and are not clearly erroneous. *Smith v. Smith,* 726 P.2d 423, 426 (Utah 1986); *Sanderson v. Tryon,* 739 P.2d 623, 626 (Utah 1987); *Rucker v. Dalton,* 598 P.2d 1336, 1338 (Utah 1979).

There has been no showing of abuse of discretion or manifest injustice. The trial court's findings are supported by the evidence. We are satisfied that the trial court acted within its discretion in applying the best interests standard.

## CHANGE OF CIRCUMSTANCES

■ Plaintiff next contends that she established that there were material changes in the circumstances upon which the trial court's original custody award was based. Therefore, she contends that the denial of her petition for modification constitutes an abuse of discretion. We disagree.

The test for reopening custody awards was established in *Hogge v. Hogge,* 649 P.2d 51 (Utah 1982), and *Becker v. Becker,* 694 P.2d 608 (Utah 1984). The burden of proof lies with the party seeking the change of custody. *Id.* at 610; *Hogge,* 649 P.2d at 54.

■ Under the bifurcated test set forth in *Hogge,* plaintiff must first show that there has been a change in circumstances upon which the original custody award was based which materially affects the custodial parent's parenting ability or the func-

tioning of the custodial relationship and which justifies reopening the custody question. If a substantial change of circumstances can be shown, plaintiff must then show that the requested change is in the best interests of the children. *Hogge,* 649 P.2d at 53–54.

■ We express initial concern in this case with the relatively short lapse of time between the custody award and the petition seeking to modify the decree and requesting custody of Jamie and Josie. Less than five months had elapsed. This initial postdivorce period is frequently difficult, traumatic, and emotional for children. They are often subject to social, community, educational, and lifestyle changes. Courts should exercise caution in disturbing custody awards during the early reconstructive months after a divorce. It is ordinarily best to let the dust settle for a time, lest temporary factors incident to readjustment be mistaken for *material* changes. The fact that a sibling was accidentally killed while on visitation with plaintiff, also during this brief interlude, dictates, in our estimation, even heightened caution because of the associated emotional upheaval and insecurity.

That need for caution was emphasized in *Kramer v. Kramer,* 738 P.2d 624 (Utah 1987), where the court noted that "a central premise of our recent child custody cases is the view that stable custody arrangements are of critical importance to the child's proper development." *Id.* at 626 (citations omitted). The "change of circumstances" threshold announced in *Hogge* and *Becker* is elevated to discourage frequent petitions for modification of custody decrees. The *Hogge* test was designed to "protect the custodial parent from harassment by repeated litigation and [to] protect the child from 'ping-pong' custody awards." *Hogge,* 649 P.2d at 53–54. This policy is soundly premised.

In petitioning for a change of custody, plaintiff claims that the trial court erred in not considering the changes of the noncustodial parent. Plaintiff emphasized, almost exclusively, the change of her own circumstances. Circumstances of the noncustodi-

al parent ordinarily do not bear upon the issue of whether a change of custody may be appropriate. *Kramer*, 738 P.2d at 629. Such factors, aside from exceptional circumstances, are not relevant to the court's inquiry. *See Hogge*, 649 P.2d at 51. Accordingly, we see no error in the court's refusal to consider various changes on her part, including her remarriage and employment. We find that the trial court acted within its discretion in determining the weight to be given changes in the status of the noncustodial parent. Plaintiff relies on *Elmer v. Elmer*, 776 P.2d 599 (Utah 1989), but *Elmer* does not mandate otherwise and is therefore inapplicable.

Even as to those factors which are relevant, the evidence is contradictory. For example, plaintiff relied upon the fact that she had temporary custody of Josie for several months after the divorce. The trial court found mitigating circumstances not pointed out by plaintiff. The court found that immediately following the divorce, plaintiff exercised visitation with the minor children and took them to visit their maternal grandparents. During that visitation one of the younger children, Savannah, was killed in an automobile accident. The court found that the death was devastating and disrupted normal adjustments for a period of time and that defendant permitted Josie, then age two, to remain with her grandparents during this stressful period.

This court is satisfied that the trial court adequately considered the fact that Josie was absent from defendant's home for several months, and why she was absent. The court found that part of that period resulted from plaintiff's refusal to return the child and further found that the visitation with the grandparents was intended to help resolve the emotional and traumatic problems facing all the parties because of the death of Savannah.[11]

The rest of plaintiff's allegations do not come to bear because she failed to reach the evidentiary threshold of the "change of circumstances" test under *Hogge* since plaintiff focused on her own change of circumstances. Applying the first prong of *Hogge*, the trial court found that plaintiff did not show a substantial or material change in circumstances that would justify reopening the custody question.[12] The trial court was, therefore, not obligated, as urged by plaintiff, to address the second prong of the test, "the best interests of the children."

There is ample evidence in the record to support the trial court's supplemental findings. Since the decisions made were within the trial court's discretion, we will not substitute our judgment for that of the trial court. We find both a proper application of the legal standard and absence of abuse of trial court discretion.[13]

## CONCLUSION

We affirm the trial court's original custody award and the trial court's supplemental order denying plaintiff's petition for change of custody.

BENCH and ORME, JJ., concur.

---

11. The court also specifically found: "Plaintiff's claim is unsupported by evidence that Josie, then age 2, established social and educational ties with plaintiff's community during the four-month period when she was with the grandparents or with plaintiff." The trial court evidently viewed plaintiff's argument that a two year old had established "educational ties" to her community, as untenable.

12. The trial court further found that "no changed conditions have been shown with regard to defendant, the custodial parent or with regard to plaintiff."

13. *Maughan*, 770 P.2d at 161; *see also Wall*, 700 P.2d at 1125.